# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOHN M. SIGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-1007-EFM |
| | ) | |
| ALLEN COUNTY, KANSAS, BOARD | ) | |
| OF COUNTY COMMISSIONERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| MITCHELL SIGG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-1012-EFM |
| | ) | |
| ALLEN COUNTY, KANSAS, BOARD | ) | |
| OF COUNTY COMMISSIONERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On July 29, 2015, the court conducted a telephone status conference in Case No. 15-1007-EFM-GEB, *John M. Sigg v. Allen County, Kansas Board of County Commissioners*[1] to discuss plaintiff's Motion to Modify the Scheduling Order (ECF No. 22). Following that hearing, the court ordered the parties to brief the issue of consolidation of that case with *Mitchell Sigg v. Allen County, Kansas Board of County*

---

[1] Case No. 15-1007 was originally assigned to U.S. District Judge Monti L. Belot. Upon his retirement, the case has been reassigned to U.S. District Judge Eric F. Melgren. (Case No. 15-1007, ECF No. 29.)

*Commissioners*, Case No. 15-1012-EFM-TJJ.  Each party has briefed the issues and the court is prepared to rule.  For reasons explained below, the cases shall be consolidated for all purposes.

## Background[2]

On February 2, 2013, John Sigg (plaintiff in Case No. 15-1007-EFM) was the subject of a traffic stop in Allen County, Kansas.  As a result of events which occurred between John and the law enforcement officer during that stop, John was arrested by Allen County Sheriff Deputy Jarod Tingley and transported to the Allen County Jail.  After arriving on the scene of the arrest, and prior to John being placed in the patrol vehicle, Mitchell Sigg (plaintiff in Case No. 15-1012-EFM) was arrested soon after his son John at the same location and by the same officer.  Mitchell was also handcuffed and transported to the Allen County Jail.  A second officer, who was riding with Deputy Tingley in his vehicle, was present during both arrests.

In Case No. 15-1007-EFM, John alleges the defendants negligently supervised and/or retained Deputy Tingley and the officer unlawfully arrested him.  He seeks relief for deprivation of his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983 and makes claims under the Kansas Tort Claims Act ("KCTA"), K.S.A. § 75-6101 *et seq*.  In Case No. 15-1012-EFM, Mitchell also makes claims of negligent supervision and

---

[2] Unless otherwise indicated, the facts in this section are taken from the Complaints filed in each case (Case No. 15-1012-EFM, ECF No. 1; and Case No. 15-1007-EFM, ECF No. 2) and from the parties' briefs regarding consolidation (Case No. 15-1007-EFM, ECF Nos. 26, 28.).  This background information should not be construed as judicial findings or factual determinations.

retention, and KCTA and common law claims against the same Allen County defendants. The primary difference between John and Mitchell's legal claims is Mitchell's additional assertion of a First Amendment claim.

The parties do not dispute that many of the witnesses and facts for discovery are the same or related in both cases, and have agreed that discovery in each of these cases may be shared. (*See* Case No. 15-1007-EFM, Joint Mot. Am. Sched. Order., ECF No. 22; and Defs.' Brief, ECF No. 28.)  John has asked the court to place both cases on the same discovery schedule, and defendants did not oppose his request.  (Case No. 15-1007-EFM, ECF No. 22).

**Analysis**

Under Rule 42(a), a court may consolidate "any or all the matters in issue in the actions" if the actions involve a "common question of law or fact." The decision whether to consolidate such actions is left to the sound discretion of the trial court.[3]  The court may order consolidation on a motion by a party or on its own initiative.[4]  In exercising its discretion, the court should take into consideration both judicial efficiency and fairness to the parties.[5]

---

[3] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir.1978).
[4] *See Coffeyville Res. Ref. & Mktg., LLC v. Illinois Union Ins. Co.*, Case No. 08-1204-MLB, 979 F. Supp. 2d 1199, 1206 (D. Kan. Oct. 25, 2013); *see Munjak v. Signator Investors, Inc.*, No. 02-2108-CM, 2003 WL 23506989, at *1 (D. Kan. Dec. 10, 2003).
[5] *See Wallace B. Roderick Revocable Living Trust v. OXY USA Inc.*, No. 08-1330-JTM/KMH, 2014 WL 7407907, at *1 (D. Kan. Dec. 30, 2014) *reconsideration denied sub nom. Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, No. 08-1330-JTM-KMH, 2015 WL 790090 (D. Kan. Feb. 25, 2015) (citing *Harris v. Illinois-California Express, Inc.,* 687 F.2d 1361, 1368 (10th Cir.1982).

These cases involve similar claims surrounding the same occurrence. Father and son are plaintiffs in each respective action and share common legal counsel. Defendants are identical in each case, as are defense counsel. Defendants do not oppose consolidation; in fact defendants argue "the evidence and issues to establish any § 1983 claim against defendants will be similar and efficiently resolved in the same case." (Case No. 15-1007-EFM, Defs.' Brief, ECF No. 28.) The court agrees that while the legal and factual issues relating to the arrest of each plaintiff may be distinct, the witnesses for each case and the elements of proof of each plaintiff's negligent supervision and retention claims against the defendants are the same or similar.

Plaintiffs argue no common questions of law or fact exist because their claims assert distinct constitutional violations: John claims Fourth Amendment violations and Mitchell claims First Amendment violations. (Case No. 15-1007-EFM, ECF No. 26). The court disagrees with this characterization[6] and finds that Mitchell's addition of a First Amendment claim does not create an insurmountable obstacle to efficient resolution of the claims in one action. Defendants do not oppose consolidation, and plaintiffs failed to establish that they would suffer any articulable prejudice from consolidation; therefore the court finds none.

In light of the above-described similarities, the court finds these cases involve common questions of law and fact sufficient for consolidation. Additionally, the court

---

[6] In Case No. 15-1007-MLB, John alleges "claims under the Fourth and Fourteenth Amendments." (ECF No. 1, at 1.) In Case No. 15-1012-EFM, Mitchell brings "claims under the First, Fourth and Fourteenth Amendments." (ECF No. 1, at 1.)

finds that judicial efficiency would be best served by consolidation of these cases for all purposes. The consolidated cases have been assigned to U.S. District Judge Eric F. Melgren. The undersigned U.S. Magistrate Judge will handle discovery and pretrial matters as they arise.

**IT IS THEREFORE ORDERED** that this case be consolidated with Case No. 15-1012-EFM-TJJ. Case No. 15-1007-EFM-GEB is designated as the lead case. All future filings shall be made in the lead case bearing a consolidated case caption.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Modify the Scheduling Order (Case No. 15-1007, **ECF No. 22**) is **GRANTED**. A supplemental scheduling conference is set for **November 3, 2015 at 2:00 p.m.** before Magistrate Judge Gwynne E. Birzer via telephone conference call to be initiated by the court. The parties shall confer and submit a jointly proposed revised schedule to the undersigned Magistrate Judge **no later than October 27, 2015** by email to chambers at ksd_birzer_chambers@ksd.uscourts.gov. In the event counsel are not available on November 3, they shall confer and suggest alternate dates for the conference.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 5th day of October 2015.

                                      s/ Gwynne E. Birzer
                                      GWYNNE E. BIRZER
                                      United States Magistrate Judge